

JAY A. SHULMAN
Phone: (410) 332-8618
Fax: (410) 332-8118
jshulman@saul.com
www.saul.com

May 9, 2005

The Honorable J. Frederick Motz
United States District Judge
for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 212011

          Re: RCI Technology Corp. v. Sunterra Corporation,
            Civil No. JFM-02-2539, on remand from the
            Fourth Circuit, Case No. 03-1193

Dear Judge Motz:

  I.  <u>Introduction</u>

  This letter is submitted by the undersigned counsel for RCI Technology Corp ("RCIT").

  As the Court is aware, on March 18, 2004, the Fourth Circuit issued a Decision[1] and Order reversing this Court's Order and Memorandum Decision in the above-captioned case. The parties had received a request from Chambers for the parties to submit a proposed Order on Remand. A disagreement arose between the parties as to the content of such proposed Order on Remand. The parties attempted to resolve their dispute, but after lengthy attempts, the parties are unable to agree on all of the provisions of the proposed Order.

  II.  <u>Background</u>

  Due to the passage of time since this case was before your Honor, a summary of the prior proceedings may be helpful to the Court. This case arose over a dispute concerning the Software License Agreement (the "SLA") between RCIT as licensor and Sunterra as licensee. On May 31, 2000, the Sunterra Corporation ("Sunterra") and thirty-six of its affiliates filed voluntary

---

[1] The Decision is reported at 361 F.3d 257 (4th Cir. 2004) and reversed this Court's decision reported at 287 B.R. 864 (D. Md. 2003)
.

petitions for relief under Chapter 11 of the Bankruptcy Code. On March 28, 2002, RCIT filed its Motion to Deem Software License Agreement Rejected (the "Motion"), to which Sunterra filed an Opposition. An evidentiary hearing was held on June 6, 2002, and at the conclusion of the hearing, the Court denied the Motion, primarily on the grounds that the SLA was not an executory contract. On June 7, 2002, the Bankruptcy Court entered the Order Denying Motion. On June 21, 2002, the Bankruptcy Court confirmed Sunterra's plan of reorganization, which became effective July 29, 2002.

On June 14, 2002, RCIT filed its Notice of Appeal of the Order Denying Motion. This Court held an oral argument on the appeal on January 3, 2003. On January 10, 2003, this Court affirmed the Bankruptcy Court, albeit on different grounds than the decision of the Bankruptcy Court, holding that an exception to the "Plain Meaning Rule" applied, that 11 U.S.C § 365(c)(1) should not be applied literally, and that Sunterra would not have been prohibited from assuming the SLA. This decision was appealed to the Fourth Circuit, which determined that under the Plain Meaning Rule, "Sunterra was precluded from assuming the nonexclusive software license." 361 F.3d at 260. The mandate issued on March 18, 2004. Subsequent to the issuance of the mandate, in discussion between counsel, Sunterra's counsel, Kenneth Oestreicher, indicated that Sunterra would no longer be using the RCIT software, having changed computer systems and employed a new software. However, a dispute remains as to the effect of reversal. Specifically, RCIT maintains that the reversal of the Bankruptcy Court's Order Denying Motion would constitute a rejection at an earlier date, no later than the effective date of Sunterra's plan of reorganization, because as a rule bankruptcy law, a trustee or debtor in possession must assume or reject an executory contract before confirmation of a plan. Sunterra maintains that notwithstanding the reversal, the rejection should be effective when the order of rejection is entered and the use of the software during the approximately two years of appeal would be a permissible, licensed postconfirmation use.

III.    RCIT's Proposed Order on Remand

RCIT position is based on a straightforward reading of Section 365(d)(2) of the Bankruptcy Code, which permits a trustee or debtor-in-possession to "assume or reject an executory contract…at any time before confirmation of the plan." The rights with respect to a license unassumable under Section 365(c)(1) were also described in the case of In re Valley Media, Inc., 279 B.R. 105 (Bankr. D. Del. 2002). That case held that the debtor could exercise its license rights "during the pendency of the case" until the licensor obtained the authority to terminate. 278 B.R. 138-39. However, the Valley Media court also recognized that the nonexclusive licenses could not be assumed "for the benefit of the post-bankruptcy reorganized company." 278 B.R. at 139. RCIT maintains that Sunterra is not entitled to a windfall based on use of the software for approximately two years of postconfirmation use when the decision permitting such use was ultimately reversed.

Attached hereto as Exhibit A is RCIT's proposed order, which orders the rejection to be effective no later than the effective date of Sunterra's plan of reorganization. Having discussed this matter with Mr. Oestreicher, I understand that he will propose a different form of order with an explanation of Sunterra's position.

IV.    Conclusion

In light of this dispute, RCIT respectfully suggests that the Court establish a schedule for additional legal submissions on this issue and a short oral argument in the event that the Court wishes to question counsel further on the matter.

We thank the Court in advance for consideration of this matter and await the Court's direction as to the scheduling of any briefing or oral argument if the Court agrees this course of action is appropriate prior to the Court's entry of the Order on Remand.

        Respectfully yours,

        /s/ Jay A. Shulman
        Jay A. Shulman, Bar No. 08228
        Saul Ewing, LLP
        100 South Charles Street
        Baltimore, Maryland 21201
        (410) 332-8618

        Attorneys for RCI Technology Corp.

cc:    Kenneth Oestreicher, Esquire
      Irving E. Walker, Esquire