WHITEFORD, TAYLOR & PRESTON
L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
410 347-8700
FAX 410 625-7510
www.wtplaw.com

210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
TELEPHONE 410 832-2000
FAX 410 832-2015

20 COLUMBIA CORPORATE CENTER
10420 LITTLE PATUXENT PARKWAY
COLUMBIA, MARYLAND 21044-3528
TELEPHONE 410 884-0700
FAX 410 884-0719

1025 CONNECTICUT AVENUE, NW
WASHINGTON, D.C. 20036-5405
TELEPHONE 202 659-6800
FAX 202 331-0573

1317 KING STREET
ALEXANDRIA, VIRGINIA 22314-2928
TELEPHONE 703 836-5742
FAX 703 836-0265

KENNETH OESTREICHER
DIRECT NUMBER
410 347-9401
koestreicher@wtplaw.com

May 10, 2005

Honorable J. Frederick Motz
United States District Judge
United States District Court for the District of Maryland
510 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

**Re:** **In re: Sunterra Corporation, *et al.*, Civil Case No. JFM02-2539**
**RCI Technology Corporation, f/k/a Resort Computer Corporation v. Sunterra Corporation**
**Bankruptcy Nos. 0-5-6931-JS through 00-5-6967-JS (Chapter 11)**
**(Jointly Administered Under Bankruptcy No. 00-5-6931-JS)**

Dear Judge Motz:

This letter is in response to the May 9, 2005 letter and proposed order submitted to the Court by Jay Shulman, counsel for RCI Technology Corporation ("RCI"). We believe that this Court should enter an order remanding the matter back to the Bankruptcy Court, which issued the original order denying RCI's motion, with the direction to enter an order consistent with the Fourth Circuit's opinion and to take whatever further action is appropriate. The Bankruptcy Court is the court that entered the order at issue and should be the court entering orders regarding assumption and rejection of executory contracts. The Sunterra Bankruptcy Case is still open and it would be within the Bankruptcy Court's core jurisdiction to enter orders on executory contracts.

Moreover, RCI's assertion in the May 9, 2005 letter that Sunterra would be receiving a windfall if the rejection of the RCI Software License Agreement (the "SLA") was not made retroactive to the date of confirmation is wrong both as a matter of equity and law. Sunterra's continued use of the computer software that Sunterra paid for in full prior to the bankruptcy and used in accordance with the Bankruptcy Court's and this Court's orders is not a windfall. Rather it is RCI that is seeking a windfall by taking advantage of the Fourth Circuit Court of Appeals'

interpretation of 11 U.S.C. § 365(c)(1) that precludes a debtor in possession from assuming its own executory contracts to seek recovery from Sunterra for copyright infringement.

In addition, RCI is incorrect as a matter of law. In the May 9, 2005 letter, RCI cited In re Valley Media, Inc., 279 B.R. 105 (Bankr. D. Del. 2002) as supporting RCI's view for a retroactive rejection order. The Valley Media holding, however, as explained below, supports Sunterra in this matter.

The Valley Media court held that even if an executory contract cannot be assumed by a debtor in possession, until it is terminated or rejected, the debtor in possession can enforce it. Id. at 138. The Valley Media court said that under Third Circuit precedent, the non-debtor party to a non-assignable executory contract had to obtain relief from the automatic stay in order to terminate the contract.

In the instant case, RCI made a motion to deem the SLA rejected because it could not be assumed. Under the rationale of Valley Media, the non-assumability of an executory contract does not deem the contract automatically rejected. Moreover, the denial of the RCI motion is only an intermediate step in this matter. Sunterra still had to either assume or reject the SLA. As the documents set forth below establish, Sunterra assumed the SLA. The controlling precedent in this Circuit, Department of the Air Force v. Carolina Parachute Corp. (In re Carolina Parachute Corp.), 907 F.2d 1469 (4th Cir. 1990), holds that a debtor can assume a non-assumable contract pursuant to a plan of reorganization if the non-debtor party does not object. The facts in the instant case are analogous to Carolina Parachute.

In Carolina Parachute, on November 9, 1988, the Government filed a motion to lift the automatic stay to allow it to terminate the contracts it had with the debtor. The Government alleged that the debtor was in default under the contracts and that the contracts were not assumable because of the Anti-Assignment Act and 11 U.S.C. § 365(c)(1), the same subsection at issue in the instant case. Id. at 1471-73.

On November 10, 1988, the bankruptcy court confirmed the debtor's plan that assumed the contracts. The Government did not object to confirmation and the plan was confirmed and the Government did not appeal the confirmation order. Id. at 1471. The bankruptcy court subsequently denied the lift stay motion and enjoined the Government from interfering with the debtor's performance of the contracts. Id. at 1472. The Government appealed on the basis that 11 U.S.C. § 365(c)(1) precluded assumption. The district court agreed with the Government. Id.

The debtor appealed to the Fourth Circuit, which held that it need not address the § 365(c)(1) issue, because the Government had failed to object to the plan or appeal the confirmation order and it was barred by res judicata principles from asserting that position. Id. at 1473.

The Carolina Parachute holding applies in the instant case. The relevant facts are as follows. The Third Amended and Restated Joint Plan of Reorganization of Sunterra Corporation (the "Plan") was confirmed on June 21, 2002 and became effective on July 29, 2002. Section 8 of the Plan covers executory contracts. The Plan provides in § 8.1(b) that "Subject to section 8.2 of the Plan, the executory contracts and unexpired leases on the Schedule of Assumed Contracts and Leases shall be assumed by the respective Debtors as indicated on such Schedule…."

Section 8.2 of the Plan required Sunterra to serve a pleading stating proposed cure amounts that Sunterra proposed to pay with respect to any outstanding defaults. (Exhibit 1). The non-debtor party had fifteen days to submit objections to the cure amounts. The provision provides that notwithstanding Section 8.1 which provides for assumption of the contracts, Sunterra had five days to reject the contract after the cure amount was determined. In simple terms, Sunterra had the right to reject those contracts where assumption was too costly.

The Order of Confirmation, modified the Plan's terms on executory contracts. (Exhibit 2). Paragraph 13-15 of the Order provide:

> 13. The Assumed Contracts shall be deemed assumed as of the Effective Date of the Plan, the Reorganized Debtors shall pay the cure amounts pursuant to the procedures specifically set forth in section 8.2 of the Plan and the Reorganized Debtors shall enjoy all of the rights and benefits under the Assumed Contracts without the necessity of obtaining any non-Debtor party's written consent to the Reorganized Debtors' assumption of any Assumed Contract. Notwithstanding any change-in-control default or termination right under any Assumed Contract, the Assumed Contracts shall not be in default and may not be terminated as a result of any change-in-control resulting from consummation of the Plan.
>
> 14. Pursuant to Plan Section 8.2, if a dispute arises between the Reorganized Debtors and any non-Debtor party to an executory contract or unexpired lease in connection with the assumption of such contract or lease, including disputes as to whether cure amounts should be paid in respect thereof, whether such contract or lease is an executory contract, or has been terminated or expired, the Reorganized Debtors shall be entitled to reject such contract or lease by notice to the non-Debtor party without further order of the Court.
>
> 15. Notwithstanding any provision contained herein or in the Plan to the contrary, no executory contracts or unexpired leased of the Debtors shall be deemed assumed, assumed and assigned, or rejected by operation of the Plan or this Confirmation Order unless and until the Effective Date shall have occurred. The Debtors are authorized to amend Exhibit L to the Plan Supplement to add or remove executory contracts

> and unexpired leases from such exhibit any time prior to the Effective Date, with the prior written consent of the Creditors' Committee, provided such consent is not unreasonably withheld or delayed. If the Effective Date does not occur, the deadline by which the Debtors may assume, assume and assign or reject any executory contracts or unexpired leases (including leases of nonresidential real property) shall be governed by any extant orders of this Court as if no confirmation of a plan has occurred in these Reorganization Cases.

On June 20, 2002, Sunterra filed an Amended Exhibit L to the Plan Supplement adding the Agreement. (Exhibit 3). The Effective Date of the Plan was July 29, 2002. On August 28, 2002, Sunterra served on the non-debtor parties to the assumed executory contracts, proposed cure amounts. (Exhibit 4). The cure amount notice was served on RCI at its address in Lakewood, Colorado that Sunterra had in its records.

On September 23, 2002, Sunterra served an amended list of assumed executory contracts. The amended list of assumed contracts again was sent to RCI in Lakewood, Colorado. (Exhibit 5). The Agreement was on both the August 28 and September 23, 2004 filings as Contract 457. In sum, Sunterra took all steps required to assume the Agreement.

On January 8, 2003, out of concern that the August 28, 2002 and September 23, 2002 notices had not reached RCI at the Lakewood, Colorado address because RCI was no longer an operating company, Sunterra re-served the cure amount notice of motion on RCI's Assistant Secretary, its registered agent, its General Counsel and Mr. Shulman. (Exhibit 6). The Certificate of Service stated that the recipient had fifteen (15) days to object to the Motion to Establish Cure Amounts. RCI never responded to the cure amount notice. Accordingly, on February 27, 2003, the Bankruptcy Court entered an Order establishing the cure amounts. (Exhibit 7). RCI did not object to the proposed cure amount ($0) and Sunterra did not reject the Agreement. Thus, by virtue of the Plan and Confirmation Order the Agreement was assumed on August 28, 2002. The February 23, 2003 Order establishing the cure amounts made the assumed License Agreement no longer subject to rejection.

I have included with the letter copies of the relevant Plan provisions, the Confirmation Order and the Subsequent filings that establish that the Agreement was assumed and cannot be rejected, regardless of the Fourth Circuit's opinion.

Moreover, when Mr. Shulman and I were before the Court on oral argument on January 4, 2003, I advised the Court, that contrary to Mr. Shulman's statement that Sunterra had not assumed the Agreement, that Sunterra had indeed assumed the Agreement as an executory contract. Sunterra took this action because notwithstanding the Bankruptcy Court's decision that the Agreement was not executory, several other courts had held to the contrary on non-exclusive copyright license agreements. Thus, when this Court found that other authority persuasive and held that the Agreement was an executory contract, Sunterra had long ago preserved its rights to

assume the Agreement and did so in accordance with the Plan and Confirmation Order. RCI had notice of all these matters and its counsel was in court on the day the Bankruptcy Court confirmed the Plan.

Thus, the appropriate order would remand the case to the Bankruptcy Court for appropriate action in light of the Fourth Circuit decision as well as the prior orders entered in the case and the Plan. A proposed order is enclosed.

Furthermore, RCI's proposed order would make the Court's ruling retroactive. Even in the event the Court were to enter an order on rejection, it should be effective as of the date of the entry of the order, not June 2002, as would be the case if RCI's order was entered.

Respectfully,

/s/ Kenneth Oestreicher

Kenneth Oestreicher, Bar No. 05567
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
410-347-9401

Attorneys for Sunterra Corporation

KO:jah
enclosures

cc: Jay A. Shulman, Esquire (w/enclosures)

*1568765*