# EXHIBIT 1

Case 1:02-cv-02539-JFM    Document 21-2    Filed 05/10/2005    Page 1 of 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | |
| | *  Case No. 00-5-6931-JS |
| SUNTERRA CORPORATION, <u>et al.</u>, | *  through  00-5-6967-JS, 00-5-8313-JS, |
| | *  and 00-6-3718-JS |
| Debtors. | * |
| | *    (Chapter 11) |
| | *    Jointly Administered under |
| | *    Case No. 00-5-6931-JS |
| *    *    *    *    *    * | *    *    *    *    *    * |

## DEBTORS' THIRD AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, AS AMENDED

Sunterra Corporation; AKGI Lake Tahoe Investments, Inc.; AKGI St. Maarten, N.V., Inc.; All Seasons Properties, Inc.; All Seasons Realty, Inc.; All Seasons Resorts, Inc. (AZ); All Seasons Resorts, Inc. (TX); Argosy Grand Beach, Inc.; Argosy Hilton Head, Inc.; Argosy Partners, Inc.; Argosy/KGI Grand Beach Investment Partnership; Argosy/KGI Port Royal Partners; AVCOM International, Inc.; Design Internationale-RMI, Inc.; Grand Beach Partners, LP; Grand Beach Resort, Limited Partnership; Greensprings Associates; Greensprings Plantation Resorts, Inc.; Harich Tahoe Development; KGI Grand Beach Investments, Inc.; KGI Port Royal, Inc.; KGK Lake Tahoe Development, Inc.; Lake Tahoe Resort Partners, LLC; Lakewood Development, Inc.; MMG Development Corp.; Plantation Resorts Group, Inc.; Pointe Partners, Limited Partnership; Port Royal Resort, L.P.; Powhatan Associates; Premier Vacations, Inc.; Resort Connections, Inc.; Resorts Development International, Inc.; Resorts Marketing International, Inc.; Ridge Pointe Limited Partnership; Ridgewood Development, Inc.; RKG, Inc.; Sunterra Financial Services, Inc.; Sunterra St. Croix, Inc.; and Williamsburg Vacations, Inc., the above-captioned debtors and debtors in possession, propose the following Third Amended and Restated Joint Plan of Reorganization, As Amended, pursuant to section 1121(a) of title 11 of the United States Code:

## SECTION 1.   DEFINITIONS AND INTERPRETATION

A.    *Definitions*.

1.1    The following terms shall have the respective meanings set forth below (such meanings to be equally applicable to both the singular and plural):

1.2    *Administrative Bar Date* means the date specified in section 2.3 of this Plan, or such other date as may be fixed by order of the Bankruptcy Court, by which an Administrative Expense Claim must be filed.

1.3    *Administrative Expense Claim* means any right to payment constituting a cost or expense of administration of any of the Reorganization Cases allowed under sections 503(b) and 507(a)(1) of the Bankruptcy Code (other than a Fee Claim or DIP Lender Claim), including, without limitation, any actual and necessary costs and expenses of preserving one or more of the Debtors' Estates, any actual and necessary costs and expenses of operating one or more of the Debtors' businesses, any fees or charges

7.3    *Distributions After Allowance.*

After such time as a Disputed Claim becomes, in whole or in part, an Allowed Claim, the Disbursing Agent shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under this Plan in accordance with the provisions hereof.

7.4    *Excess Reserves.*

On the Effective Date, Reorganized Sunterra shall reserve 20 million shares of New Sunterra Common Stock to be issued to the holders of Class 6, 7, 8 and 9 Claims in accordance with the terms of this Plan and shall reserve 600,000 shares of New Sunterra Common Stock underlying the New Sunterra Warrants to be issued to the holders of Class 8 Claims in accordance with the terms of the Plan. Upon any Disputed Claim becoming a Disallowed Claim, in whole or in part, the Cash and/or Plan Securities reserved for the payment of or distribution on the disallowed portion of such Disputed Claim including any interest attributable thereto, together with any Cash and non-Cash dividends and interest earned thereon, shall immediately and irrevocably vest in the Reorganized Debtors and the Disbursing Agent shall transmit such property to the Reorganized Debtors, whereupon the Reorganized Debtors shall thereafter be empowered to take whatever steps may be necessary to exercise control over such property. Shares of New Sunterra Common Stock that are reserved pursuant to this section for issuance but not issued shall remain authorized but unissued New Sunterra Common Stock.

## SECTION 8.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.1    *General Treatment.*

(a)    Subject to the occurrence of the Effective Date and subparagraph (c) below, all executory contracts and unexpired leases to which any of the Debtors is a party are hereby rejected, except for any executory contracts or unexpired leases that (i) have been assumed or rejected pursuant to a Final Order of the Bankruptcy Court, (ii) are designated specifically or by category as a contract or lease to be assumed on the Schedule of Assumed Contracts and Leases contained in the Plan Supplement, as such Schedule of Assumed Contracts and Leases may be amended from time to time prior to the Effective Date to include additional contracts and agreements, (iii) are the subject of a separate motion to assume or reject filed under section 365 of the Bankruptcy Code by the Debtors filed prior to the Effective Date; (iv) relate to all obligations to the existing Homeowners and HOAs under existing agreements with such parties; or (v) are leases by any of the Debtors pertaining to the use or occupancy of real property. For purposes hereof, each executory contract and unexpired lease that relates to the use or occupancy of real property, whether (x) listed on the Schedule of Assumed Contracts and Leases, (y) previously assumed or rejected pursuant to a Final Order of the Bankruptcy Court, or (z) rejected herein, shall include (A) modifications, amendments, supplements, restatements, or other agreements made directly or indirectly with respect to any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, and (B) executory contracts or unexpired leases appurtenant to the premises, excluding any non-competition and like agreements but including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, usufructs, reciprocal easement agreements, vault, tunnel or bridge agreements or franchises, and any other interests in real estate or rights *in rem* relating to such premises to the extent any of the foregoing are executory contracts or unexpired leases, unless any of the foregoing agreements are otherwise specifically assumed or rejected.

(b)    Subject to section 8.2 of this Plan, the executory contracts and unexpired leases ie Schedule of Assumed Contracts and Leases shall be assumed by the respective Debtors as

33

indicated on such Schedule. Except as may otherwise be ordered by the Bankruptcy Court, the Debtors shall have the right to cause any assumed executory contract or unexpired lease to vest in the Reorganized Debtor designated for such purpose by the Debtors.

       (c)     Except as may be provided in the Confirmation Order, the Reorganized Debtors shall assume all obligations to the existing HOAs under existing agreements with such parties.

       (d)     Except as may be provided in the Confirmation Order, the Reorganized Debtors shall assume all obligations to the existing Homeowners under existing agreements with such parties.

    8.2    ***Cure of Defaults.***

Except to the extent that different treatment has been agreed to by the non-debtor party or parties to any executory contract or unexpired lease to be assumed pursuant to the Schedule of Assumed Contracts and Leases, the Debtors shall, pursuant to the provisions of sections 1123(a)(5)(G) and 1123(b)(2) of the Bankruptcy Code and consistent with the requirements of section 365 of the Bankruptcy Code, within thirty (30) days after the Effective Date, file and serve on parties to executory contracts or unexpired leases to be assumed and other parties in interest a pleading with the Bankruptcy Court listing the cure amounts of all executory contracts or unexpired leases to be assumed. The parties to such executory contracts or unexpired leases to be assumed by the Reorganized Debtors shall have fifteen (15) days from the date of service to object to the cure amounts listed by the Debtors. If an objection is filed with respect to an executory contract or unexpired lease, the Bankruptcy Court shall hold a hearing to determine the amount of the disputed cure amount. Notwithstanding section 8.1 or the foregoing, at all times through the date that is five (5) Business Days after the Bankruptcy Court enters an order resolving and fixing the amount of a disputed cure amount, the Debtors shall have the right to reject such executory contract or unexpired lease.

    8.3    ***Rejection Claims.***

Except as otherwise ordered by the Bankruptcy Court pursuant to an order establishing a Rejection Claims Bar Date, in the event that the rejection of an executory contract or unexpired lease by any of the Debtors pursuant to this Plan results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtors, or their respective properties or interests in property as agents, successors, or assigns, unless a proof of claim has been filed with the Bankruptcy Court and served upon counsel for the Debtors on or before the applicable Rejection Claims Bar Date, in the form and manner set forth in the order establishing the Rejection Claims Bar Date. Any Allowed Claim resulting from the rejection of an executory contract or unexpired lease shall be classified and treated as provided in sections 3 and 4 of this Plan.

## SECTION 9.   CONDITIONS PRECEDENT TO CONFIRMATION

    9.1    ***Condition Precedent.***

Confirmation of this Plan is subject to (a) entry of the Confirmation Order, the form and substance of which shall be consented to by the Creditors' Committee (provided such consent is not unreasonably withheld or delayed), and (b) the Debtors obtaining binding commitments for the Exit Facility and the Working Capital Facility on terms which shall be consented to by the Creditors' Committee (provided such consent is not unreasonably withheld or delayed).